642 S.E.2d 734

**In the Matter of Michael H. MAY, Respondent.**

**No. 26286.**

Supreme Court of South Carolina.

Submitted Jan. 23, 2007.

Decided March 12, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael H. May, of Columbia, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of a letter of caution, admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent was retained to close a real estate transaction on behalf of complainant and her husband on or about February 27, 2006. Respondent personally handled a portion of the closing on behalf of complainant's husband at some point during the day of February 27, 2006. Afterwards, respondent went out of town for another real estate closing.

Respondent did not review the closing documents with complainant. He allowed his non-lawyer assistant to handle complainant's portion of the closing on February 27, 2006. Neither respondent nor any other lawyer was present at complainant's portion of the closing.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.3(a) (lawyer shall make reasonable efforts to ensure firm has in effect measures giving reasonable assurance that a non-lawyer employee's conduct is compatible with professional obligations of lawyer); Rule 5.3(b) (lawyer having direct supervisory authority over non-lawyer shall make reasonable efforts to ensure that person's conduct is compatible with professional obligations of the lawyer); Rule 5.5(a) (lawyer shall not assist another person in the unauthorized practice of law); and Rule 8.4(a) (it is professional misconduct for a lawyer to violated the Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule

7(a)(1) (it shall be ground for discipline for a lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.